UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marketta Anita Ragin, | ) C/A No. 8:08-1033-HFF-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Southern Wesleyan University, | ) |
| Defendant. | ) |

This is a civil action filed *pro se*.[1] In the Complaint filed in this case, Plaintiff alleges that the student counseling services at Defendant University[2] are professionally questionable and damaging to students, such as Plaintiff, who are referred for counseling. According to Plaintiff, she exhibited uncharacteristic and self-destructive behavior while undergoing counseling with the University's counseling service. According to Plaintiff, this counseling was recommended to her in the year before she was scheduled to complete her undergraduate work. She claims that, at the urging of her counselor, she withdrew from classes, left South Carolina, and moved to New York, where she bounced from homeless shelter, to friends of the family, and to distant relatives who lived in the area before finally being retrieved by her mother and returned to South Carolina. She claims that her uncharacteristic actions were caused by improper counseling services that she

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

[2] According to Plaintiff, Defendant is a "private university." Complaint, 5.

believed were required by the University in order for her to continue her studies there. She also claims that Defendant University further injured her personally when she was refused re-admittance to classes in the semester after her return from New York, which could have been her final semester; when she was refused credit for course work she did at a junior college while waiting to be re-admitted to finish her degree; and when she was given failing grades for the courses she left when she went to New York. In the "statement of claim" section of the court-approved *pro se* complaint form that she used to submit this case, Plaintiff states: "Defendant has demonstrated racial harassment and racial discrimination through its acts, thereby causing me much mental anguish and emotional distress." (Entry 1, at 5). However, a close review of the extensive remaining allegations contained in the remainder of the Complaint (captioned "Plaintiff's Original Petition") fails to disclose any mention of Plaintiff's race or any other factual allegations which could be liberally construed as attributing any of the complained-of actions of Defendant or its counselor to racial discrimination. Additionally, Plaintiff's allegations do not contain any reference to any federal constitutional, statutory, or regulatory rights or obligations that might have been violated by Defendant in connection with its relationship with Plaintiff. The only relief specifically requested by Plaintiff is "punitive damages in the amount of $ 5, 000 . . ." and "any reasonable fees that may apply to this case." (Entry 1, Complaint, 13).

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation

Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

### Analysis

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[3] Even under this less

---

[3] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident from the face of the pleading.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

(1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978).  This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when she filed her Complaint and information available to the public on the internet, *see* http://www.swu.edu (Southern Wesleyan University official website), Plaintiff and Defendant are both residents of South Carolina.[4]  Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case since she specifically requests only $ 5,000 in damages, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.  The crux of Plaintiff's Complaint is that she suffered personal injury at a result of actions of someone employed by Defendant and that Defendant breached a contractual relationship it had entered with Plaintiff when she became a student at the university.  Such claims present *state law-*

---

[4] Even though both Defendant is a corporate, educational entity and not a human being, it is still a "resident" of South Carolina as that term is legally understood since it is operating in the city of Central, South Carolina.  *See Huggins v. Winn-Dixie Greenville, Inc.*, 233 F. Supp. 667 , 669  (D. S.C. 1964).

*based* tort or contract actions, and these kinds of disputes are matters of *state* law required to be heard in the *state* courts, unless diversity of citizenship or appropriate pendent jurisdiction is present. *See, e. g.*, *Hardee v. Bio-Medical Applications of S.C., Inc.*, 370 S.C. 511, 636 S.E.2d 629 (2006)(tort claim for personal injury); *Mail Mart, Inc. v. Action Mktg. Consultants, Inc.,* 281 S.C. 167, 314 S.E.2d 351 (1984) (general contract action); *see also United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) (federal courts have discretion to decide pendent state law claims if the federal and state claims arise out of a common nucleus of operative fact); *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992) (federal court may decide state law-based claims if diversity jurisdiction is available under the facts).

As stated above, Plaintiff's allegations do not contain any reference to any alleged violation of any federal statute or constitutional provision by Defendant in connection with its dealings with Plaintiff, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. The broad, conclusory, and not factually supported statement that "Defendant has demonstrated racial harassment and racial discrimination through its acts, thereby causing me much mental anguish and emotional distress" is inadequate to state any kind of viable "civil rights" claims under 42 U.S.C. §§ 1981, 1983, 1985, where, as stated earlier, there are no additional allegations of fact that can be construed as supportive of Plaintiff's conclusory statement that Defendant engaged in "racial harassment and racial discrimination." Nowhere in the Complaint does Plaintiff even state what her race is, much less does she allege that the Defendant's actions against her of which she complains were taken against her because of her race as required for the

statement of prima facie claim under 42 U.S.C. §§ 1981, 1985.  *See Simmons v. Poe*, 47 F.3d 1370, 1376-77 (4th Cir. 1995) (§ 1985); *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 69 (6th Cir. 1985) (§ 1981).  Furthermore, Plaintiff does not allege anywhere in her Complaint that Defendant, a "private university" by her on statement, satisfies the requirement that a defendant in a "civil rights" claim pursuant to 42 U.S.C. § 1983 must be a "person" engaged in "state action" at the time of the alleged wrongdoing.   Although the "liberal pleading requirements" of Federal Rule of Civil Procedure 8(a) only require a "short and plain"statement of the claim, the plaintiff in a civil action in federal court must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (more than bald, conclusory statement required for "short, plain statement" of claim).

The essential allegations contained in the Complaint disclose only "private conduct" between a private university and one of its students.  Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).   Furthermore, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).  Because the United States Constitution regulates only the

Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen  Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). As noted, there are no allegations in Plaintiff's Complaint which attribute any of Defendant's actions to state action; therefore, even if the Complaint could be liberally construed to *imply* an allegation of constitutional rights violations by the private Defendant, such implied interpretation would not establish "federal question" jurisdiction in this case. By asserting that the Defendant committed "racial harassment and racial discrimination," without offering any kind of substantial factual allegations underlying this legal conclusion, and by failing to include any other allegations that arguably establish any type of claim that falls within this Court's limited jurisdiction, Plaintiff's Complaint fails to meet the requirements of either Federal Rule of Civil Procedure 8(a) or 12(b)(6) and is, in fact, frivolous and subject to summary dismissal. *See Antonio v. Moore*, No. 05-6272, 2006 WL 584395 (4th Cir. March 9, 2006).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine*

*Workers v. Gibbs*; *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

          s/Bruce Howe Hendricks
          United States Magistrate Judge

April 3, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).